IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOSES E. MENDEZ, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-cv-04326 |
| | § | JURY |
| BED BATH & BEYOND, INC. | § | |
| | § | |
| Defendant | § | |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, Bed Bath & Beyond, Inc., ("BBB") files this, *Defendant's Original Answer to Plaintiff's Original Complaint* as follows:

### I.  ANSWER TO COMPLAINT ALLEGATIONS

1. This paragraph contains no allegations which require a response.

2. BBB admits that it employs more than twenty employees, that it was served with process in this action, and that venue is proper.  BBB does not challenge personal jurisdiction.  BBB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in this paragraph of Plaintiff's Complaint.

3. BBB admits that venue is proper with this Court.

4. BBB admits that this Court has jurisdiction over all claims made by Plaintiff to date.

5. BBB admits that it employed Plaintiff.  BBB denies the remaining allegations in this paragraph of Plaintiff's Complaint.

6. BBB denies the allegations in this paragraph of Plaintiff's Complaint.

7. BBB denies the allegations in this paragraph of Plaintiff's Complaint.

8. BBB denies the allegations in this paragraph of Plaintiff's Complaint.

9. BBB denies the allegations in this paragraph of Plaintiff's Complaint.

10. BBB denies that Plaintiff is entitled to attorneys' fees as a recoverable element of damages.

11. BBB denies that Plaintiffs is entitled to the damages requested.

## II.  DEFENSES AND AFFIMATIVE DEFENSES

1. BBB asserts that Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provision of the Texas Labor Code.

2. BBB affirmatively pleads that it took prompt remedial action in light of any complaints made by Plaintiff and that said prompt remedial action was designed to end any conduct of the type complained of by Plaintiff.

3. For further answer herein, if necessary, BBB affirmatively pleads that all actions taken with regard to Plaintiff were taken in good faith and for legitimate business reasons.

4. For further answer herein, if necessary, BBB affirmatively pleads that if Plaintiff proves that any improper or prohibited factor motivated BBB, BBB would have taken the same action in the absence of such motive or motives.

5. For further answer herein, if necessary, BBB affirmatively pleads that Plaintiff failed to satisfy all administrative conditions precedent prior to instituting this action.

6. For further answer herein, if necessary, BBB affirmatively pleads that the Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

7. For further answer herein, if necessary, Plaintiff failed to mitigate his damages, if any.

8. For further answer herein, if necessary, Plaintiff's claims are barred, in whole or in part, because he comes before the Court with unclean hands.

9. For further answer herein, if necessary, BBB affirmatively pleads that after-acquired evidence of conduct by Plaintiff which violates BBB's policies and procedures limit Plaintiff's available damages. Specifically, said conduct was severe such that Plaintiff would have been terminated if BBB had discovered this information. As such, if Plaintiff is a prevailing party in this lawsuit, any backpay, attorneys' fees, or other damage award should be limited accordingly. Furthermore, any front pay award is unrecoverable.

10. For further answer herein, if necessary, BBB affirmatively invokes all applicable federal and Texas damage caps or limitations, including but not limited to those set forth in 42 U.S.C. §1981a; §21.2585 of the Texas Labor Code; and, §41.001, *et seq.*, of the Texas Civil Practice & Remedies Code.

11. Plaintiff's claims for relief are barred to the extent they exceed that available under federal and Texas law.

12. BBB affirmatively pleads that it is entitled to offsets for all of Plaintiff's interim earnings against any damages recovered by Plaintiff.

13. BBB asserts the defenses of sole cause, intervening cause, new and independent cause, and superseding cause.

14. BBB reserves the right to assert any further affirmative defenses available at the close of discovery as provided for by Federal Rule of Civil Procedure 8 and in compliance with the Court's scheduling order.

Respectfully submitted,

/s/ Paul E. Hash
Paul E. Hash, Esq.
Attorney-in-Charge
Texas Bar No. 09198020
hashp@jacksonlewis.com
William E. Hammel, Esq.
Texas Bar No. 24036714
hammelw@jacksonlewis.com
JACKSON LEWIS LLP
3811 Turtle Creek Blvd., Suite 500
Dallas, Texas 75219-4497
PH:  (214) 520-2400
FX:  (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that *Defendant's Original Answer to Plaintiff's Original Complaint* was served on the following counsel of record, via ECF notification, on the 21st day of December, 2007:

Woodrow Epperson, Esq.
Law Office of Woodrow Epperson
10565 Katy Freeway
Suite 250
Houston, Texas  77024
PH:  (713) 973-6303
FX:  (713) 973-1882

/s/ Paul E. Hash
Paul E. Hash